IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| TESSEMAE'S, LLC, | * |
| Plaintiff/Counter-Defendant, | * |
| v. | *   Case No. 1:20-CV-02013 (GLR) |
| MICHAEL S. MCDEVITT, *et al.*, | * |
| Defendants/Counter-Plaintiff. | * |

\*    \*    ooo0ooo    \*    \*

**COUNTER-DEFENDANT TESSEMAE'S LLC'S
ANSWER TO MICHAEL MCDEVITT'S AMENDED COUNTERCLAIM
FOR BREACH OF CONTRACT AND SPECIFIC PERFORMANCE**

Tessemae's, LLC, by and through its undersigned counsel, answers Michael McDevitt's Amended Counterclaim filed April 15, 2021 (ECF No. 37) as follows:

**First Defense**

The Counterclaim fails to state a claim upon which relief may be granted.

**Second Defense**

Tessemae's did not contract as alleged.

**Third Defense**

Tessemae's is not indebted as alleged.

**Fourth Defense**

Tessemae's did not commit the wrongs alleged.

**Fifth Defense**

Counter-Plaintiff is not entitled to the relief he claims.

In answer to each numbered paragraph of the Counterclaim, Tessemae's states as follows:

1. Tessemae's, LLC ("Tessemae's or "the Company") admits it is a limited liability company that produces salad dressing and that its principal place of business is at 8805 Kelso Dr., Essex, Maryland. Tessemae's denies that it is headquartered in Anne Arundel County.

2. Tessemae's admits that McDevitt's claim purports to arise from a document attached as Exhibit 1 to his Counterclaim that McDevitt refers to as the "Side Letter Agreement." The remaining allegations in Paragraph 2 are denied.

3. Denied.

4. Denied.

5. Tessemae's is without information sufficient to admit or deny, and therefore denies, the allegations in Paragraph 5 with respect to what McDevitt was willing to do. The remaining allegations in Paragraph 5 also are denied.

6. Denied.

7. Tessemae's admits that McDevitt is seeking Specific Performance but denies the remaining allegations in Paragraph 7.

8. The first sentence of Paragraph 8 is denied.  To the extent that the second sentence is not a conclusion of law, which need not be admitted or denied, it is denied.

9. Tessemae's admits that it was founded in 2009, and that it produces salad dressings. Tessemae's admits that Gregory Vetter is the CEO of the Company and a Board Member. The remaining allegations in Paragraph 9 are denied.

10. Tessemae's admits that McDevitt first invested in Tessemae's in 2013. The remaining allegations in Paragraph 10 are denied.

11. Denied.

12. Admitted.

13. Denied.

14. Denied.

15. Tessemae's is without information sufficient to admit or deny, and therefore denies, the allegations in Paragraph 15 with respect to Howard Bank's internal decision-making process, or what Howard Bank "decided." The remaining allegations in Paragraph 15, specifically including but not limited to that McDevitt "had a proven track record in the diet/weight loss market," are denied.

16. Admitted.

17. Tessemae's admits that Greg Vetter and McDevitt were introduced by someone employed by or associated with Howard Bank in 2013. The remaining allegations in Paragraph 17 are denied.

18. Admitted.

19. Admitted.

20. Admitted.

21. Tessemae's denies the allegations in Paragraph 21, including that McDevitt was merely "affiliated" with Tandem Legal Group, LLC in 2013, because McDevitt was Tandem's CEO.

22. Tessemae's admits a document bearing the date August 15, 2013 is attached as Exhibit 2.

23. Tessemae's admits that the portion of the document reproduced in Paragraph 23 appears to come from Exhibit 2.

24. Tessemae's admits the portion of the document reproduced in Paragraph 24 appears to come from Exhibit 2.

25. Denied.

26. Tessemae's admits that to the extent it received invoices from Tandem Legal, it paid them. Any remaining allegations in Paragraph 26 are denied.

27. Tessemae's admits that the documents attached as Exhibit 3 appear to be cover pages for invoices. The remaining allegations in Paragraph 27 are denied.

28. Tessemae's admits that the earliest dated page in Exhibit 3 bears the date October 31, 2013.

29. Tessemae's admits that the latest dated page in Exhibit 3 bears the date February 28, 2015.

30. Tessemae's lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 30 and they are therefore denied.

31. Tessemae's admits that an e-mail chain bearing the date February 10, 2015 is attached as Exhibit 4.

32. Tessemae's admits that the portion of the document reproduced in Paragraph 32 appears to come from Exhibit 4.

33. Tessemae's admits that the portion of the document reproduced in Paragraph 33 appears to come from Exhibit 4.

34. Tessemae's admits that the portion of the document reproduced in Paragraph 34 appears to come from Exhibit 4.

35. Denied.

36. Admitted.

37. Tessemae's admits Lindsay Thomas was employed by Tessemae's from early 2017 until September 2019. The remaining allegations in Paragraph 37 are denied.

38. Admitted.

39. Admitted.

40. Tessemae's admits that Exhibit 5 appears to be an e-mail chain bearing dates in November 2017.

41. Tessemae's admits that the portion of the document reproduced in Exhibit 41 appears to come from Exhibit 5.

42. Tessemae's admits that the portion of the document reproduced in Exhibit 42 appears to come from Exhibit 5.

43. Tessemae's admits that Exhibit 6 appears to be an e-mail bearing the date August 23, 2017.

44. Tessemae's admits that Exhibit 6 has been reproduced in Paragraph 44.

45. Tessemae's lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 45 and they are therefore denied.

46. Tessemae's lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 46 and they are therefore denied.

47. It is unclear what is being alleged in Paragraph 47 and it is therefore denied.

48. Denied.

49. Admitted.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. To the extent that the allegations in Paragraph 54 are not conclusions of law, which need not be admitted or denied, they are denied.

55. Tessemae's lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 55 and they are therefore denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Tessemae's admits that Exhibit 7 appears to be an e-mail bearing the date August 23, 2017.

62. Tessemae's admits that the portion of the document reproduced in Paragraph 62 appears to come from Exhibit 7.

63. Tessemae's admits that Exhibit 8 appears to be an e-mail bearing the date September 1, 2017.

64. Tessemae's admits that the portion of the document reproduced in Paragraph 64 appears to come from Exhibit 8.

65. Tessemae's admits that Exhibit 9 appears to be an e-mail bearing the date September 1, 2017.

66. Tessemae's admits that the portion of the document reproduced in Exhibit 66 appears to come from Exhibit 9.

67. Tessemae's admits that Exhibit 10 appears to be an e-mail bearing the date October 3, 2017.

68. Tessemae's admits that the portion of the document reproduced in Paragraph 68 appears to come from Exhibit 10.

69. Denied.

70. Denied.

71. Tessemae's admits that the document attached as Exhibit 1 bears the subject line alleged. The remaining allegations in Paragraph 71 are denied.

72. Tessemae's admits that the opening paragraph of the document attached as Exhibit 1 includes the quoted language.

73. Tessemae's admits that the opening paragraph of the document attached as Exhibit 1 includes the quoted language.

74. Denied.

75. Tessemae's admits that the document attached as Exhibit 1 includes the quoted language.

76. Denied.

77. Tessemae's admits that the document attached as Exhibit 1 includes the quoted language.

78. Tessemae's admits that the document attached as Exhibit 1 includes the quoted language.

79. Denied.

80. Tessemae's admits that the document attached as Exhibit 1 includes the quoted language.

81. Tessemae's admits that the document attached as Exhibit 1 includes the quoted language.

82. Tessemae's admits only that Exhibit A to the document attached as Exhibit 1 identifies two payments totaling $30,000 for Tandem Legal as "Counsel for Michael McDevitt." The remaining allegations in Paragraph 82 are denied.

83. Denied.

84. Denied.

85. Denied.

86. To the extent that the allegations in Paragraph 86 are not a conclusion of law, which need not be admitted or denied, Tessemae's lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 86 and they are therefore denied.

87. To the extent that the allegations in Paragraph 87 are not a conclusion of law, which need not be admitted or denied, Tessemae's lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 87 and they are therefore denied.

88. To the extent that the allegations in Paragraph 88 are not a conclusion of law, which need not be admitted or denied, Tessemae's lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 88 and they are therefore denied.

89. Tessemae's lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 89 and they are therefore denied.

90. To the extent that the allegations in Paragraph 90 are not a conclusion of law, which need not be admitted or denied, they are denied.

91. Denied.

92. Tessemae's lacks sufficient information to form a belief as to the truth of what "McDevitt began to learn," and that allegation is therefore denied. The remaining allegations in Paragraph 92 are denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. To the extent that the allegations in Paragraph 100 are not a conclusion of law to which no answer is required, it is denied.

101. Denied.

102. Denied.

103. Denied.

104. Tessemae's incorporates its answers to each and every allegation contained in all of the proceeding Paragraphs as if fully restated herein.

105. Denied.

106. Denied.

107. Denied.

108. To the extent that the allegations in Paragraph 108 are not a conclusion of law, which need not be admitted or denied, they are denied.

109. Denied.

110. Tessemae's admits that Greg Vetter's signature appears on the document attached as Exhibit 1.

111. To the extent that the allegations in Paragraph 111 are not a conclusion of law, which need not be admitted or denied, they are denied.

112. To the extent that the allegations in Paragraph 112 are not a conclusion of law, which need not be admitted or denied, they are denied.

113. To the extent that the allegations in Paragraph 113 are not a conclusion of law, which need not be admitted or denied, they are denied.

114. To the extent that the allegations in Paragraph 114 are not a conclusion of law, which need not be admitted or denied, they are denied.

115. To the extent that the allegations in Paragraph 115 are not a conclusion of law, which need not be admitted or denied, they are denied.

116. To the extent that the allegations in Paragraph 116 are not a conclusion of law, which need not be admitted or denied, they are denied.

117. To the extent that the allegations in Paragraph 117 are not a conclusion of law, which need not be admitted or denied, they are denied. In particular, Tessemae's denies that McDevitt has suffered any injury as a result of Tessemae's actions.

118. To the extent that the allegations in Paragraph 118 are not a conclusion of law, which need not be admitted or denied, they are denied.

119. To the extent that the allegations in Paragraph 119 are not a conclusion of law, which need not be admitted or denied, they are denied.

120. To the extent that the allegations in Paragraph 120 are not a conclusion of law, which need not be admitted or denied, they are denied.

## **GENERAL DENIAL**

Tessemae's denies each and every allegation in Counter-Plaintiff's Counterclaim that is not specifically admitted above, including all titles and headings of the Counterclaim.

## **AFFIRMATIVE DEFENSES**

### **First Defense**

Counter-Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

### **Second Defense**

Counter-Plaintiff's claims are barred, in whole or in part, because Counter-Plaintiff does not have standing to raise those claims.

### **Third Defense**

Counter-Plaintiff's claims are barred, in whole or in part, because Counter-Plaintiff fails to allege facts establishing the basis for his claims.

### **Fourth Defense**

Counter-Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### **Fifth Defense**

Counter-Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### **Sixth Defense**

Counter-Plaintiff's claims are barred, in whole or part, by the doctrine of estoppel.

### **Seventh Defense**

Counter-Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Eighth Defense

Counter-Plaintiff's claims are barred, in whole or in part, because he would be unjustly enriched if he were awarded the relief he seeks.

### Ninth Defense

Counter-Plaintiff's claims are barred, in whole or in part, by his own fraudulent, unlawful, inequitable, or improper conduct.

### Tenth Defense

Counter-Plaintiff's claims are barred, in whole or in part, because, to the extent he suffered any injury at all, it was the result of his own conduct.

### Eleventh Defense

Counter-Plaintiff's claims are barred, in whole or in part, due to a failure of consideration.

### Twelfth Defense

Counter-Plaintiff's claims are barred, in whole or in part, due to his failure to perform.

### Thirteenth Defense

Counter-Plaintiff's claims are barred, in whole or in part, due to the illegality of the alleged contract at issue.

### Fourteenth Defense

Counter-Plaintiff's claims are barred, in whole or in part, because the alleged contract he seeks to enforce is void as a matter of law, or voidable at the option of Counter-Defendant.

**Fifteenth Defense**

Counter-Plaintiff's claims are barred, in whole or in part, because if there is a contract between the parties, Tessemae's agreement was procured under distress or by undue influence.

**Sixteenth Defense**

Counter-Plaintiff's claims are barred, in whole or in part, because if there is a contract between the parties, Tessemae's agreement was procured by fraud.

**Seventeenth Defense**

Counter-Plaintiff's claims are barred, in whole or in part, by the doctrine of mistake.

**Eighteenth Defense**

Counter-Plaintiff's claims are barred, in whole or in part, because there as was no meeting of the minds between the parties.

**Nineteenth Defense**

Counter-Plaintiff is not entitled to equitable relief because, if he is entitled to any relief at all, his remedy at law is adequate.

**RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES**

Tessemae's has not knowingly and intentionally waived any applicable defenses. Tessemae's reserves the right to amend this Answer to add, delete, or modify defenses up through and including trial based upon facts and/or legal theories that may or will be divulged through clarification of Counter-Plaintiff's Counterclaim during discovery, or through further legal analysis of Counter-Plaintiff's position in this litigation.

**PRAYER FOR RELIEF**

WHEREFORE, Tessemae's prays that:

a. The Court find that Counter-Plaintiff is not entitled to any judgment or relief;

b. Counter-Plaintiff's Counterclaim and each and every purported claim for relief alleged therein be dismissed, with prejudice;

c. The Court enter judgment in favor of Tessemae's; and

d. The Court grant any such other and further relief as may be just and proper.

Respectfully submitted,

/s/
Andrew D. Levy (Bar No. 00861)
Kevin D. Docherty (Bar No. 18596)
James O. Strawbridge (Bar No. 20005)
BROWN GOLDSTEIN LEVY LLP
120 East Baltimore Street, Suite 2500
Baltimore, Maryland 21202
T: 410-962-1030
F: 410-385-0869
adl@browngold.com
kdocherty@browngold.com
jstrawbridge@browngold.com

Dated: May 3, 2021

*Attorneys for Plaintiff/Counter-Defendant, Tessemae's, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2021, a copy of the foregoing, Counter-Defendant Tessemae's LLC's Answer to Michael McDevitt's Amended Counterclaim for Breach of Contract and Specific Performance, was filed with the Clerk and delivered to all counsel of record by the Court's CM/ECF system.

                                               /s/
                                        Andrew D. Levy