May 12, 2021

**VIA CM/ECF**
Hon. George L. Russell, III
United States District Court for the District of Maryland
101 W. Lombard Street
Baltimore, Maryland 21201

   Re: *Tessemae's LLC v. Michael McDevitt, et al.*,
      Civil Action No. 1:20-cv-02013-GLR

Dear Judge Russell:

  The parties' positions regarding the issues raised in the Court's May 4, 2021, Order are as follows:

1. **Whether the parties object to having the case transferred to a U.S. Magistrate Judge for all further proceedings.**

   The parties do object.

2. **Whether you would like to participate in a settlement conference either before or after the completion of discovery.**

   The parties request that a settlement conference be held after completion of discovery.

3. **Whether discovery of electronically stored information is expected to be problematic.**

   The parties anticipate the need to request and exchange significant amounts of ESI. The parties have been discussing ESI discovery and hope to submit a stipulated ESI order for the Court's consideration.

4. **Whether you would like to defer any of the expert discovery until after summary judgment motions are resolved.**

   The parties would not like to defer expert discovery until after summary judgment. See proposed changes to the preliminary scheduling order below.

5. **Any changes to the dates in the preliminary scheduling order.**

BROWN GOLDSTEIN LEVY LLP

Hon. George L. Russell, III
May 12, 2021
Page 2

---

The parties disagree as to the amount of time needed to complete discovery. Due to the nature of Plaintiff's claims (RICO—involving a several-year-long pattern of activity, fraud, legal malpractice, and breach of fiduciary duty, the latter three of which Defendants did not move to dismiss), the number of possible witnesses, and the anticipated volume of ESI and other written discovery, Plaintiff believes that fact discovery will take at least nine months.

Defendants believe that discovery can be completed in six months. However, before generalized discovery can practically begin, it is first necessary to resolve the various disputed attorney-client relationships between the Parties to provide guidance on what is discoverable and what is privileged. Addressing the existence or absence of the disputed attorney-client relationships beforehand will save significant judicial resources, as the alternative would be filing and litigating numerous motions to compel throughout the discovery period.

Plaintiff and defendants agree that expert disclosures should be deferred until the close of fact discovery and agree that expert discovery will take between three and four months.

The parties' respective proposals for a case schedule are as follows:

| Event | Plaintiff's Proposed Date | Defendants' Proposed Date |
|---|---|---|
| Close of Fact Discovery | February 18, 2022 | November 18, 2021 |
| Rule 26(a)(2) disclosures by any party intending to use expert opinion to support an issue on which the party has the burden of proof. | March 1, 2022 | January 3, 2022 |
| Rule 26(a)(2) disclosures by any party intending to offer expert opinions in response to opinions offered by opposing party. | May 2, 2022 | February 2, 2022 |
| Rule 26(a)(2) rebuttal disclosures. | June 1, 2022 | March 1, 2022 |

B‍ROWN G‍OLDSTEIN L‍EVY LLP

Hon. George L. Russell, III
May 12, 2021
Page 3

| Event | Plaintiff's Proposed Date | Defendants' Proposed Date |
|---|---|---|
| Rule 26(e)(2) supplementation of disclosures. | June 8, 2022 | March 8, 2022 |
| Discovery deadline; submission of status report. | June 22, 2022 | March 22, 2022 |
| Requests for admission. | June 29, 2022 | March 29, 2022 |
| Dispositive pre-trial motions deadline. | July 29, 2022 | April 29, 2022 |

**6. Whether the allocated deposition hours are sufficient.**

The parties disagree on the number of deposition hours required in this case.

Plaintiff anticipates needing to take at least 20 depositions and propose that each side be given 120 hours of deposition time.

Defendants believe that 15 depositions per side is an appropriate number and propose that each side be given 100 hours of deposition time. In an attempt to conciliate this difference, defendants have invited the plaintiff to share which 20 deponents it considers necessary, but the plaintiff has declined. Defendants remain open to further discussions.

**7. Setting a trial date on the Court's calendar and determining its likely duration.**

Plaintiff proposes that the Court schedule a trial date in early 2023 and anticipate that the trial will take three weeks.

Defendants propose that the Court schedule a trial date in late 2022 and anticipate that the trial will take two weeks.

BROWN GOLDSTEIN LEVY LLP

Hon. George L. Russell, III
May 12, 2021
Page 4

_____

      We look forward to speaking with Your Honor during the upcoming telephone conference on May 13, 2021.

                              Respectfully,

| | |
|---|---|
| */s/ Kevin D. Docherty* | */s/ Barry Coburn* |
| Andrew D. Levy | Barry Coburn |
| Kevin D. Docherty | COBURN AND GREENBAUM, PLLC |
| James O. Strawbridge | 1710 Rhode Island Ave., NW |
| BROWN GOLDSTEIN & LEVY, LLP | Second Floor |
| 120 E. Baltimore Street, Suite 2500 | Washington, D.C. 20036 |
| Baltimore, Maryland 21202 | Tel. (202) 643-9472 |
| T: (410) 962-1030 | Fax (877) 561-9712 |
| F: (410) 385-0869 | barry@coburngreenbaum.com |
| adl@browngold.com | |
| kdocherty@browngold.com | *Counsel for Defendants* |
| jstrawbridge@browngold.com | |
| | |
| *Counsel for Plaintiff* | |